[No. 4212.]

# VANCE *v.* KOHLBERG.

RECORD OF PATENT AS EVIDENCE.—A patent for land, issued by the United States, may be proved by producing from the Recorder's office the book in which it is recorded, without proof of loss of the original.

RECORDS OF SECRETARY OF STATE'S OFFICE AS EVIDENCE. — Certified copies, from the office of the Secretary of State, of the articles consolidating two or more railroads, are admissible in evidence to prove such consolidation.

ARTICLES CONSOLIDATING CORPORATIONS.—The articles which are filed in the office of the Secretary of State, consolidating two or more railroad companies, are admissible in evidence to prove such consolidation.

POWER OF SECRETARY OF INTERIOR.—The Commissioner of the General Land Office and the Secretary of the Interior have power to set aside and annul the action of the register and receiver in allowing a pre-emptor to prove up and pay for land, and in issuing to him a certificate of purchase therefor.

APPEAL from the District Court, Fifth Judicial District, County of San Joaquin.

Ejectment for the northwest quarter of section twenty-five, township two north, range seven east, Mount Diablo meridian. The land was within the twenty-mile limits of the grant to the Central Pacific Railroad Company of California, made by the act of Congress of July 1, 1862. The plaintiff deraigned title from said company, and, to prove the same, offered in evidence the book of records of patents recorded in said county of San Joaquin, and offered to read therefrom in evidence the record therein, of a patent issued by the United States to the Western Pacific Railroad Company for the demanded premises. The patent was issued April 9, 1870, in pursuance of the various acts of Congress granting lands to the Pacific Railroad Companies.

The defendant objected to the admission of said record as evidence because it was not the best evidence, the patent itself being the best evidence; because there was no law making such record evidence of the contents of a patent; and because the record showed no proof of the execution of the patent; and there was no law authorizing such record to be made. The court overruled the objection.

The plaintiff then offered in evidence a document certi-

fied by the Secretary of State to be a true, full and correct copy of the original articles of consolidation of the Central Pacific Railroad and Western Pacific Railroad Company on file in his office.

Said document showed that said two companies became and were on the 22d day of June, 1870, duly consolidated, under the name of the Central Pacific Railroad Company.

The defendants objected to said document as evidence, because there was no law making a certified copy of articles of consolidation of railroad companies, filed in the office of the Secretary of State, evidence of the original.

The court overruled the objection and the defendants excepted, and the document was read in evidence.

The plaintiff then offered in evidence a book of records in the office of the county recorder of said county of San Joaquin, and offered to read therefrom the record of assignment from the Central Pacific Railroad Company to the Western Pacific Railroad Company of the right to construct so much of the road of said Central Pacific Railroad Company as was lying and being between the city of Sacramento, in the county of Sacramento, California, to the city of San Jose, in Santa Clara County, in the same State, with a right to the land and subsidies granted by Congress to said Central Pacific Railroad Company, to aid in building that portion of its road.

The defendant objected because there was no law authorizing the recording of a document of that kind, nor any law making the record of such document evidence of the original, and because the record did not show any proof by the officer certifying to the acknowledgment that Leland Stanford was President of said Central Pacific Railroad Company.

The court overruled the objection and the defendant excepted, and the record of the assignment was read in evidence.

The plaintiff then offered in evidence a deed from the Western Pacific Railroad Company to himself, dated May 20, 1871.

The defendant offered in evidence his declaratory state-

ment as a pre-emptor, filed July 20, 1864, and also the proof made by him as a pre-emptor on the 1st day of December, 1865, and the certificate of the Register of the United States, of the latter date, showing that he paid two hundred dollars for the land, and had been permitted to purchase the same. The plaintiff, in rebuttal, offered in evidence certified copies of letters from the office of the register at Stockton, written by the Commissioner of the General Land Office, June 13, 1867, cancelling the entry of the defendant, and from the Secretary of the Interior, dated July 4, 1868, confirming the decision of the commissioner. To the reception of these letters the defendant objected, but the court overruled the objection. The plaintiff had judgment and the defendant appealed.

*J. H. Budd*, for the Appellant.

The equitable title passed by the proof, entry and payment, and Kohlberg could not be deprived of such title without due process of law. (Amendment to Const. U. S., Art. V.)

No part of the judicial power of the United States is vested in the Commissioner of the General Land Office either by the Constitution or by statute.

*W. L. Dudley*, for the Respondent.

By the Court:

The county recorders are authorized to record patents issued by the United States without other proof of their genuineness than such as is afforded by the great seal. (Acts 1863–4, p. 75.) "Public writings are divided into four classes. * * * Public records, kept in this State, of private writing." (Code Civil Proc., Sec. 1894.)

And, "A public record of a private writing may be proved by the original record, or by a copy thereof, certified by the legal keeper of the record." (C. C. Proc., Sec. 1919.)

The objections to the record, therefore, were properly overruled.

The District Court admitted in evidence a certified copy, from the office of the Secretary of State, of the articles of consolidation of the Central Pacific and Western Pacific Railroad Companies. It is admitted that the original articles of association forming a railroad company are to be filed with the Secretary of State, and that a certified copy of such original articles is made evidence by statute. (Act 1861, p. 607.) But, it is urged, inasmuch as by section forty of the statute last referred to, it is provided "when the consolidation and amalgamation (of two railroad companies) are completed, a copy of the new articles of association shall be filed in the office of the Secretary of State;" that a certified copy of the copy filed with that officer is no evidence. We are clear, however, on reading the whole statute, that it was intended that the articles of the newly formed company filed with the Secretary of State should constitute an original, and that certified copies thereof should be received as evidence.

The Commissioner of the General Land Office, and the Secretary of the Interior, had power to set aside the action of the local land office. (*Hestres* v. *Brennan,* ante, p. 211.)

Judgment and order affirmed.